JOHN QUINN, claimant, *v.* THE MAYOR, ALDERMEN AND COM-
MONALTY OF THE CITY OF NEW YORK, owners, and PATRICK
McOLIFF, contractor.

A complaint, filed by a sub-contractor, under the mechanics' lien law of 1851
must contain an allegation, that the labor or materials were furnished in con-
formity with the contract between the owner and the original contractor.
Accordingly, where the plaintiff moved for an injunction to restrain the corpo-
ration of the city of New York from tearing down, during the litigation, the
building whereon the alleged lien was claimed, and whereof they were the
owners; the motion was denied, on the ground that the complaint—being
filed by a sub-contractor, to enforce a lien for the value of labor performed
under an agreement with the original contractor—did not show that such
labor conformed to the owner's contract for the repair of the premises in
question.

SPECIAL TERM, FEBRUARY, 1855.
Before DALY, J.

THE defendant, McOliff, was a contractor with the corpo-
ration of the city of New York for the repair of a public
building owned by the latter.

The plaintiff, Quinn, under the employment of McOliff,
performed labor in repairing the premises in question, and
filed with the county clerk, for the purpose of acquiring a
lien thereon for the value of his services, the notice of claim
prescribed in the sixth section of the act of 1851, "for the
better security of mechanics and others."

The notice, provided in the fourth section, to appear and
submit to an accounting, having been served upon both de-
fendants, the corporation appeared by attorney, but McOliff
made default. The usual order for a joinder of issues was
entered, and the plaintiff filed his complaint, wherein he
averred the performance of his labor in accordance with a
contract of employment made with him by McOliff. There
was no allegation that such labor conformed to any contract
between McOliff and the corporation.

The cause now came before the court, upon an application
for an injunction to restrain the defendants from tearing

down the building whereon the lien existed. Notice of the motion was served, by an order to show cause, upon both of the defendants, and was founded upon the complaint and upon affidavits that the plaintiffs were apprehensive of a design to destroy the building, whereby the efficiency of the lien would be impaired.

*James M. Sweeny* and *Rufus F. Andrews,* for the plaintiff.

*Robert J. Dillon,* counsel to the corporation, for the Mayor, &c.

*Andrew C. Morris,* for the defendant, McOliff, argued against the motion, as follows:

The order to show cause why an injunction should not be granted, was served upon McOliff. The plaintiff seeks to restrain him, as well as the corporation, and he is entitled to appear at this stage of the proceedings, to oppose the application, although he is in default in failing to appear on the return of the notice to account and join issue. The plaintiff is not entitled to an injunction, unless it appears by his complaint that he is entitled to the relief demanded. (Code, § 219.) His complaint shows no cause of action. It merely states that he performed work in pursuance of a contract with McOliff. This is not enough to give him a lien.

DALY, J.—The corporation being the owner and McOliff the contractor, it should appear by the complaint that the work was performed and that the materials were furnished by the plaintiff to McOliff, *in conformity with the terms of the contract made by McOliff with the owner, the corporation.*

This was essential to the right of lien.

The complaint contains no such averment, nor does that fact appear even by the notice filed with the county clerk. No right of action was shown in the complaint, and no injunction can be granted.

Motion for an injunction denied.